```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3035 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE ENRIQUE AYALA CHAVEZ, | ) | REPORT, RECOMMENDATION |
| | ) | AND ORDER |
| Defendants. | ) | |
| | ) | |

The defendant has filed a motion to dismiss the six-count indictment entered against him. Filing 14. Count I alleges the defendant was involved in a conspiracy to distribute methamphetamine from June 10, 2004 through February 14, 2005; Counts II through V allege he possessed methamphetamine with the intent to distribute, each count referencing a different date of alleged possession; and Count VI alleges a forfeiture claim under 21 U.S.C. §853. In requesting dismissal, the defendant argues: 1) this court lacks subject matter jurisdiction because the defendant's methamphetamine prosecution does not involve interstate commerce, and 2) the six-count indictment against the defendant is multiplicitous and violates the defendant's Fifth Amendment due process rights. For the reasons discussed hereafter, I conclude the defendant' motion to dismiss should be denied.

   1.   <u>Federal Subject Matter Jurisdiction</u>.

   Although the defendant argues that a federal court lacks subject matter jurisdiction over the indictment in this case, he also concedes that "[t]he Eighth Circuit and other courts have universally determined that Congress did not exceed its authority under the Commerce Clause by including methamphetamine

enforcement under 21 U.S.C. §§841, 846." Filing 14 (defendant's brief) at p. 1-2 (citing United States v. Davis, 288 F.3d 359 (8th Cir. 2002); United States v. Patterson, 140 F.3d 767 (8th Cir. 1998)).  The defendant argues, however, that the Eighth circuit's prior holdings must be "reconsidered because: (1) Congressional findings of interstate nexus under the Controlled Substances Act, 21 U.S.C. §801 are not supported by facts as required by United States v. Lopez, 514 U.S. 549 (1995); (2) The deciding courts mistakenly relied, either expressly or impliedly upon Wickard v. Filburn, 317 U.S. 111 (1942); and, (3) The Supreme Court has not addressed the Commerce Clause application to intrastate methamphetamine cases when no factual interstate nexus exists."  Filing 14 (defendant's brief) at p. 2.

   The Eighth Circuit has repeatedly and directly addressed and rejected the arguments advanced by the defendant.  See United States v. Koons, 300 F.3d 985, 992-93 (8th Cir. 2002)(the enactment of 21 U.S.C. § 860(a), which provides that any person who violates § 841(a)(1) (drug trafficking) or § 856 (drug manufacturing) within 1,000 feet of a school or playground shall be subject to twice the maximum punishment authorized by § 841(b), does not exceed congressional power under the Commerce Clause); United States v. Carter, 294 F.3d 978, 981 (8th Cir. 2002)(Congress can regulate intrastate drug trafficking under 21 U.S.C. 841(a) because Congress has specifically found that local manufacture and distribution of controlled substances substantially affects interstate traffic in those substances); United States v. Davis, 288 F.3d 359, 362 (8th Cir.2002)(Congress may regulate intrastate drug trafficking under its Commerce Clause authority "because of the effect that intrastate drug activity has upon interstate commerce."); United States v. Brown, 72 F.3d 96, 97 (8th Cir. 1995)(intrastate drug activity affects

interstate commerce; Congress may regulate both interstate and intrastate drug trafficking under the Commerce Clause); White v. United States, 399 F.2d 813, 821-22 (8th Cir. 1968)(where Congress has found that both intrastate and interstate illicit traffic in depressant and stimulant drugs affects interstate commerce, prosecution under the Drug Abuse Control Amendments of 1965 does not require a showing that the drugs involved in a particular transaction have moved in interstate commerce).

This court is bound by Eighth Circuit law and is not empowered to reconsider binding Eighth Circuit decisions and apply a contrary legal principle in this case.  To the extent that the defendant argues Eighth Circuit precedent is not controlling herein because the prior Eighth Circuit cases did not address the holding in United States v. Lopez, 514 U.S. 549 (1995), defendant's argument is incorrect.  The defendant in Carter argued that under Lopez, an intrastate drug crime such as possession with intent to distribute does not substantially affect interstate commerce, and therefore his conviction under 21 U.S.C. § 841 was invalid.  In rejecting the defendant's argument, the Carter court distinguished Lopez because Congress had made no findings that the statute at issue in Lopez substantially affected interstate commerce.  However, in enacting the Comprehensive Drug Abuse Prevention and Control Act of 1970, Congress specifically found that intrastate drug trafficking affects interstate commerce.  See 21 U.S.C. § 801(3).  Since Congress specifically found that a nexus exists between interstate commerce and even intrastate drug crimes, Lopez does not support the defendant's claim that federal law cannot regulate and criminalize intrastate possession and distribution of methamphetamine.  28 U.S.C. § 841(a)(1) is a valid exercise of Congress's Commerce Clause power.  Carter, 294 F.3d at 981;

Brown, 72 F.3d at 97.  See also United States v. Puckett, 147 F.3d 765, 769 n. 4 (8th Cir. 1998).

    2.   Multiplicity and the Double Jeopardy Clause.

The defendant also claims the indictment must be dismissed because Counts II, III, IV, V and VI are all acts that occurred during the same time period of the conspiracy alleged in Count I, and therefore the indictment is duplicative and subjects him to the possibility of being sentenced for each of the counts in violation of the Double Jeopardy Clause of the Fifth Amendment.  He claims the court should issue an order dismissing the indictment or, in the alternative, require the government to elect between Count I or Counts II through VI.

Although "the Double Jeopardy Clause forbids the duplicative prosecution of a defendant for the 'same offence,'" (United States v. Felix, 503 U.S. 378, 385 (1992)), a single transaction comprising a conspiracy can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause. Albernaz v. United States, 450 U.S. 333, 339-40 (1981)(holding that a single conspiracy which included both importation and distribution of marijuana could be charged as two distinct offenses).  "'It is well established that when an indictment charges both a conspiracy to engage in a course of criminal conduct and a substantive offense committed pursuant to that conspiracy, the accused, upon conviction, may be punished both for the conspiracy and for the substantive offense.'  It is also clear that the federal courts have inherent power to impose consecutive sentences unless otherwise specified by the statute defining the specific offense involved."  Pegram v. United

States, 361 F.2d 820, 821 (8th Cir. 1966)(quoting <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946)).

    The Count I conspiracy charge alleges the defendant violated 21 U.S.C. § 846.  Counts II through V charge the defendant with illegal drug possession with the intent to distribute in violation of 21 U.S.C. 841(a)(1) and 841(b)(1).  Though the evidence supporting Counts II through V may also support Count I, the charges in Counts II through V are separate and distinct offenses that are not merged in the Count I conspiracy charge.

> It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses.  The power of Congress to separate the two and to affix to each a different penalty is well established.  A conviction for the conspiracy may be had though the substantive offense was completed.  And the plea of double jeopardy is no defense to a conviction for both offenses.  It is only an identity of offenses which is fatal.  A conspiracy is a partnership in crime.  It has ingredients, as well as implications, distinct from the completion of the unlawful project.

<u>Pinkerton</u>, 328 U.S. at 643-44 (internal citations omitted).

    For the jury to find the defendant guilty of possession with intent to distribute, the government must prove the defendant (1) possessed cocaine, (2) knew that what he possessed was a controlled substance, and (3) intended to distribute the substance he possessed.  <u>United States v. Serrano-Lopez</u>, 366 F.3d 628, 634 (8th Cir. 2004).  To convict a defendant of conspiracy to distribute under 21 U.S.C. § 846, the government must prove an agreement between two or more people, including the defendant,

for the purpose of engaging in distribution of drugs.  <u>United States v. Aranda</u>, 963 F.2d 211, 214 n. 3 (8th Cir. 1992).  The Government need not prove the defendant committed any overt act in furtherance of the conspiracy.  <u>United States v. Shabani</u>, 513 U.S. 10, 15 (1994).  Since the conspiracy offense and the offenses of possession with intent to distribute involve different elements, the charges are not duplicative in violation of the Double Jeopardy Clause.  <u>United States v. Frayer</u>, 9 F.3d 1367, 1372 -73 (8th Cir. 1993)(Double Jeopardy Clause does not prevent a conspiracy prosecution after a prosecution for possession with intent to distribute).

Count VI of the indictment is a criminal forfeiture charge under 21 U.S.C. § 843.  This forfeiture charge was presented in accordance with Federal Rule of Criminal Procedure 32.2, adopted in 2000, which provides:

> A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.

Property is subject to criminal forfeiture where the government proves by a preponderance of the evidence that the property was used or intended to be used to commit or facilitate the commission of the underlying drug offense.  <u>United States v. Cuervo</u>, 354 F.3d 969, 996 (8th Cir. 2004).

Although the criminal forfeiture charge is included in the indictment, forfeiture is an aspect of the sentence imposed in a criminal case.  It is not a separate criminal offense.  <u>Libretti v. United States</u>, 516 U.S. 29 (1995).  Congress has clearly

6

designated criminal forfeiture proceedings under § 843 to be part of the sentencing or punishment phase for persons convicted of drug offenses. Thus, although charged as a count in the indictment, criminal forfeiture is neither an element of a criminal offense nor a criminal offense itself. <u>United States v. Bieri</u>, 21 F.3d 819, 822 (8th Cir. 1994)(en banc).

The Double Jeopardy Clause "protects only against imposition of multiple criminal punishments for the same offense,. . . and then only when such occurs in successive proceedings." <u>Hudson v. United States</u>, 522 U.S. 93 (1997). Since the Count VI forfeiture charge is not a criminal offense, Counts I and VI cannot be the "same offense" for the purposes of the Double Jeopardy Clause. Assuming the Count VI criminal forfeiture charge seeks punishment against the defendant, "[w]ith respect to cumulative punishments imposed in a single criminal proceeding, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." <u>Missouri v. Hunter</u>, 459 U.S. 359, 366 (1983). The simultaneous pursuit of criminal convictions under 21 U.S.C §§ 841 and 846 and a § 853 criminal forfeiture of property and proceeds used in committing these drug-related crimes does not violate the Double Jeopardy clause of the Fifth Amendment. <u>United States v. O'Dell</u>, 247 F.3d 655, 677 (6th Cir. 2001)(Double Jeopardy does not apply to sentencing proceedings such as criminal forfeitures under 21 U.S.C. § 853).

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Chief United States District, pursuant to 28 U.S.C. §636(b)(1)(B), that the defendant's motion to dismiss, filing 14, be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may

be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

      IT IS FURTHER HEREBY ORDERED:  Trial is set for 9:00 a.m. on August 15, 2005 for a duration of four trial days before the Honorable Richard G. Kopf.  Jury selection will be at the commencement of trial.

      DATED this 28th day of June, 2005.

                          BY THE COURT:

                          s/ *David L. Piester*
                          David L. Piester
                          United States Magistrate Judge