IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3035 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOSE ENRIQUE AYALA CHAVEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (filing 34). No objections to such Report and Recommendation have been filed as allowed by 28 U.S.C. § 636(b)(1)(C) and NECivR 72.4.

I have reviewed the Magistrate Judge's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and NECivR 72.4, and I find after de novo review that the Recommendation should be adopted. Inasmuch as Judge Piester has fully, carefully, and correctly found the facts and applied the law, I need only state that the defendant's motion to dismiss (filing 14) should be denied in all respects.

As Judge Piester noted, I am bound by the Eighth Circuit's determination that Congress did not exceed its authority under the Commerce Clause by including drug trafficking under 21 U.S.C. §§ 841 and 846. See, e.g., United States v. Carter, 294 F.3d 978, 981 (8th Cir. 2002) (holding that United States v. Lopez, 514 U.S. 549 (1995) did not apply to a Commerce Clause challenge to § 841 because of Congressional findings that intrastate drug trafficking affects interstate commerce).

I also agree with Judge Piester's analysis of the defendant's Double Jeopardy Clause argument. Count I of the indictment alleges a conspiracy in violation of 21

U.S.C. § 846. Counts II through V each allege possession of methamphetamine with the intent to distribute, each count referencing a different date of alleged possession, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b). Count VI alleges a forfeiture claim under 21 U.S.C. § 853. Including possession counts as well as a conspiracy charge does not violate the Double Jeopardy Clause, because the charges in the possession counts are separate and distinct offenses that are not merged in the conspiracy charge and the possession charges have different elements than the conspiracy charge. See, e.g., Pinkerton v. United States, 328 U.S. 640, 643-44 (commission of substantive offense and conspiracy to commit it are separate offenses); United States v. Frayer, 9 F.3d 1367, 1372-73 (8th Cir. 1993) (Double Jeopardy Clause does not prevent a conspiracy prosecution after a prosecution for possession with intent to distribute). Finally, the simultaneous pursuit of criminal convictions under 21 U.S.C. §§ 841 and 846 and a § 853 criminal forfeiture of property and proceeds used in committing these drug related crimes does not violate the Double Jeopardy Clause. United States v. O'Dell, 247 F.3d 655, 677-79 (6th Cir. 2001).

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Recommendation (filing 34) is adopted; and

2. The defendant's motion to suppress (filing 14) is denied.

July 13, 2005.                    BY THE COURT:

                                  *s/Richard G. Kopf*
                                  United States District Judge